UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HASSAN ALI AND DEKA YUSUF<br><br>Plaintiffs,<br><br>vs.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY, a foreign corporation<br><br>Defendant | Case No. C19-1015 RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiffs Hassan Ali's and Deka Yusuf's Motion to Remand. Dkt. #6. Defendant Progressive Direct Insurance Company ("Progressive") removed to this Court on Diversity. Dkt. #1. Plaintiffs state that this action should be remanded to King County Superior Court because it does not satisfy the $75,000.00 amount in controversy requirement. Dkt. #6 at 2.

Plaintiffs make two arguments. First, that they are specifically limiting the amount they seek to less than $75,000.00 by stating in briefing their intention to move this case into mandatory arbitration pursuant to RCW 7.06.020 and MAR 4.2. *Id.* at 3. They argue RCW 7.06.020 limits jurisdiction to cases where the amount in controversy is $100,000.00 or less, and that King

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

County limits its arbitration amount in controversy to $50,000.00. *Id.* Because they intend to enter into arbitration, the amount in controversy could thus not exceed $50,000.00. *Id.*

Second, they argue that their damages cannot be aggregated to satisfy the jurisdictional amount in controversy requirement because they have separate and distinct claims. *Id.* at 3. (citing *Snyder v. Harris,* 394 U.S. 332, 335 (1969), 89 S. Ct. 1053. They state that because Plaintiffs Ali and Yusuf have separate and distinct injuries from the collision, that their damages cannot be determined together in order to reach the 75,000.00. *Id.* By this logic they would each need to separately ask for $75,000.00 in order to satisfy the amount in controversy requirement.

In Response, Defendant points out that the Complaint seeks payment of: 1) the $100,000 per person and $300,000 per accident policy limits under the Progressive policy; 2) attorney fees; and 3) unspecified damages for bad faith. Dkt #8 at 1-2. (citing Complaint). Defendant acknowledges Plaintiffs' declaration of their intention to move this matter into arbitration where recoverable damages are capped at $50,000, exclusive of costs and attorney fees. *Id.* at 3.

Defendant contends that Plaintiffs in their Motion to Remand have not shown a "legal certainty" that the amount in controversy requirement has not been met in this case. *Id.* Defendant asserts that Plaintiffs' Complaint establishes the amount in controversy and that their post-removal declarations do not defeat jurisdiction. Dkt. #8 at 4. When the Court considers the amount in controversy, it first looks to the face of the Complaint. *Id.* (citing *Ibara v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015); *Keodalah v. Allstate Ins. Co.,* 2016 U.S. Dist. LEXIS 121747, *6 (2016) ("The amount in controversy is established at the time of removal, and includes actual damages, punitive damages, and attorney fees authorized by contract or statute.").

Defendant argues that based on the face of Plaintiffs' Complaint seeking damages in the amount of $100,000.00 per plaintiff, plus additional damages, and attorney fees, the amount in

controversy has been established. They argue any post-removal declarations of their intent to submit this case to mandatory arbitration does not oust this Court of jurisdiction.

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Once a case has been removed to Federal Court by a defendant who has established the requisite amount in controversy, the plaintiff can only defeat jurisdiction by showing that it appears to a "legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845 (1938).

Here, the Plaintiffs' Complaint includes the request for specific performance of the Progressive contract and payment of policy limits to Plaintiffs. Given the policy limits in question are $100,000.00 per person and $300,000.00 per accident, the request on the Plaintiffs' complaint meets the amount in controversy requirement.

Plaintiffs have not shown with any legal certainty that the claim is really for less than the jurisdictional amount. Plaintiffs provide a mere assertion of the intention to enter into arbitration, a process that includes a legal cap of $50,000.00. This is not sufficient. Federal courts do permit individual plaintiffs, who are masters of their complaints to avoid removal to federal court, and to obtain a remand to state court by stipulating to amounts at issue that fall below the federal jurisdiction. *Std. Fire Ins. Co. v. Knowles,* 568, U.S. 588, 595, (2013), 133 S. Ct. 1345. However, the key characteristic about those stipulations is that they are legally binding on all plaintiffs. *Id.* Here, Plaintiffs have made no such legally binding stipulation. Even if the Court considered Plaintiffs' briefing as legally binding, it is unclear if they are still seeking $50,000.00 each or $50,000.00 total.

Plaintiffs' have not shown their damages cannot be aggregated in this case to satisfy the jurisdiction requirement. Separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement. *Snyder v. Harris,* 394 U.S. 332, 335 (1969), 89 S. Ct. 1053. However, aggregation has been permitted in cases in which two or more plaintiffs unite to enforce a single title or right in which they have a common and undivided interest. *Id.* While Plaintiffs do have separate injuries, they have united to enforce a single right where they have the common and undivided interest that Progressive comply with the specific performance of the contract and payment of policy limits to Plaintiffs. Accordingly, this motion will be denied.

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Hassan Ali and Deka Yusuf Motion to Remand (Dkt. #6) is DENIED.

DATED this 20th day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE